JAN 23 2023

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | CASE NO. 4:2019bk33340 |
| | § | |
| Clint Dan-Willis Horn | § | CHAPTER 7 |
| | § | |
| DEBTOR(S) | § | |
| | § | |
| | § | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within *TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 515 Rusk Street, Houston, Texas 77002, and serve a copy on the movant's attorney, Sergio A. Castillo, 12337 Jones Rd, Ste. 232, Houston, Texas 77070, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

1. *Parties.* This Motion for Relief from Automatic Stay against property of the estate is filed on behalf of Rufino Arias and Helga M. Arias, Creditors, pursuant to 11 U.S.C. § 362(d)(1), for cause, by reason of a lack of adequate protection of Creditors' rights as secured creditors with an interest in the collateral described in Exhibit "A."

2. *Nature of Suit*

    a. This Motion is filed pursuant to Fed. R. Bankr. P. 9014 and constitutes a contested matter.

    b. Clint Dan-Willis Horn, Debtor, filed a Petition for Relief under Chapter 13 of title 11 of the United States Code on June 14, 2019.

    c. The case was converted to a Petition for Relief under Chapter 7 of title 11 of the United States Code on October 24, 2022.

3. *Facts.*

    a. Creditors are secured creditors of Debtor with respect to the collateral described in Exhibit "A" (the "Collateral").

    b. The Collateral is in possession of the Debtor.

    c. Debtor purchased the Collateral under a deed of trust (the "Contract"). A copy of the Contract is attached as Exhibit "B" and incorporated by reference for all purposes.

    d. Creditors are holders of the Contract.

    e. Creditors' security interest is properly shown by the deed of trust.

    f. A payment history is attached as Exhibit "C" and incorporated by reference for all purposes.

4. *Grounds*

    a. Debtors are in arrears in their payments to the trustee, and Creditors are not receiving payments from the trustee.

    b. Debtors have had the full use of the Collateral described in the attached exhibits.

    c. Under the circumstances described above, good cause exists for lifting the stay, including, but not limited to, Creditors' lack of adequate protection.

5. *Prayer.* Creditors pray that-

    a. an Order Granting Motion for Relief from Automatic Stay be entered to permit Creditors to repossess the Collateral, to sell or otherwise dispose of the Collateral, and to apply the proceeds from the sale or other disposition against the outstanding

indebtedness, less all unearned finance charges and less all other charges that have not yet become due and payable, owed by Debtor under the Contract;

b. the stay be immediately lifted on entry of an Order Granting Motion for Relief from Automatic Stay, notwithstanding Fed. R. Bankr. P. 4001(a)(3);

c. Creditors be awarded reasonable attorney's fees; and

d. Creditors be awarded all further relief to which Creditors may be entitled.

Respectfully Submitted,

By: /s/ Sergio A. Castillo
Sergio A. Catillo (Texas Bar No. 24126757)
12337 Jones Rd, Ste. 232
Houston, Texas 77070
(281) 547-2733
sergio@sacastillolaw.com

Eric Days (Texas Bar No. 24082907)
Guerra Days Law Group
515 N. Sam Houston Pkwy. E, Ste. 250
Houston, Texas 77060
Tel. (281) 760-4295
Fax. (866) 325-0341
Email: eric@guerradays.com

Attorneys for Rufino Arias and Helga M. Arias

## Certificate of Service

I certify that on January 22, 2023, I caused a copy of the foregoing document to be served via certified mail return receipt requested to the following parties.

| | |
|---|---|
| **Neisi Idalia GarciaRamirez**<br>McCalla Raymer et al<br>110 SE 6th Street<br>Suite 2400<br>Fort Lauderdale, FL 33301<br>954-332-9426<br>neisi.garciaramirez@mccalla.com | representing **Freedom Mortgage Corporation** |
| **Eloise A Guzman**<br>Guzman Law Firm<br>8225 Gulf Freeway<br>Houston, TX 77017<br>713-378-9900<br>713-378-9977 (fax)<br>eloiseguzman@gmail.com | representing **Clint Dan-Willis Horn** |
| **Jennine Hovell-Cox**<br>Law Offices of Jennine Hovell-Cox<br>PO Box 16276<br>Sugar Land<br>Sugar Land, TX 77496<br>832-209-2296<br>832-565-1520 (fax)<br>hovellcoxlaw@hotmail.com | representing **U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series2021 Cottage TT-V** |
| **Curtis W McCreight**<br>Hoover Slovacek LLP<br>Galleria Tower II<br>5051 Westheimer, Suite 1200<br>Houston, TX 77056<br>713-977-8686<br>713-977-5395 (fax)<br>mccreight@hooverslovacek.com | representing **Summerwood Community Association, Inc** |

/s/ Sergio A. Castillo
Sergio A. Castillo

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## WARRANTY DEED WITH VENDOR'S LIEN
### (Wraparound Financing)

**DATE:** September 29, 2017

**GRANTOR:** Rufino Arias and Helga M. Arias
**ADDRESS:** 3102 Fallbrook Dr. PMB#33
Houston, TX 77038

**GRANTEE:** Clint Dan-Willis Horn and Melissa Yvonne Glover-Horn
**ADDRESS:** 14007 Blisswood Drive
Houston, Texas 77044

**CONSIDERATION:** Ten and no/100 Dollars ($10.00) and a wraparound note of even date herewith, the note is in the principal amount of TWO HUNDRED EIGHTY THREE THOUSAND SIX HUNDRED TWENTY ONE and 57/100 ($283,621.57) executed by Grantee, payable to the order of Grantor. The wraparound note is secured by a Vendor's Lien retained in this Deed and by a Deed of Trust of even date from Grantee to Victor M. Maas, Trustee.

PROPERTY (including any improvements):

LOT 23, BLOCK 2, SUMMERWOOD SECTION 7, EDGEWATER VILLAGE, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN FILM CODE NO. 432082, MAP RECORDS OF HARRIS COUNTY, TEXAS.

Commonly known as: **14007 Blisswood Drive, Houston, Texas 77044.**

**RESERVATIONS FROM CONVEYANCE: NONE**

**EXCEPTIONS TO CONVEYANCE AND WARRANTY:** Subject however; to any and all restrictions, covenants, easements, and outstanding mineral interest, if any of record in the County Clerk's Office of said county and now in effect.

**This property is sold in its "as is, where is" condition, and Grantee, by accepting this deed, acknowledges his understanding that the property is being sold absolutely without warranties whatsoever, except as to the warranty of title.**

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee,

Page 1 of 3 
EXHIBIT "A"

Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

The vendor's liens against and superior title to the property are retained until each note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

This conveyance is made subject to the prior lien of a Deed of Trust dated **September 8, 2015**, recorded in the Deed Records of Harris County, Document #**20150418518**, or Film Code No. **ER 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** of the real property records of Harris County, Texas, from grantor **Rufino Arias and Helga M. Arias**, for the benefit of **Mortgage Electronic Registration Systems, Inc.**, which secures payment of a promissory note in the original principal amount of **$293,584.00**. Grantee in this deed of trust does not assume payment of that **$293,584.00**. Payee of the wraparound note shall pay all installments on the **$293,584.00** as they fall due. In the event of default in payment of that **$293,584.00**, Grantee shall have the right to cure any such default as long as Grantee is not in default of the payment of the wraparound note or in performance of the covenants of the deed of trust securing it. If Grantee cures a default in payment of the **$293,584.00**, Grantee may receive credit on the wraparound note for all amounts so paid as of the date of the payment, in the manner that Grantee directs.

The Grantor, as well as any other owner and holder of the Grantee's Note shall be obligated to pay any and all installments falling due on the Underlying Debt as and when due, and in the event of default in the payment of any such installments as and when due, then, so long as Grantees are not in default in the payment of Grantee's Note, or in default of the performance of the covenants of the Deed of Trust securing said note, Grantee shall have the right to pay any such delinquent installment or installments and receive credit upon Grantee's Note for all sums so paid and in such manner as Grantee shall direct as of the date of such payment.

This conveyance, however, is made and accepted subject to any and all existing encumbrances, conditions, and restrictions relating to the herein described property as now reflected by the records of the County Clerk of Harris County, Texas. The vendor's lien against superior title to the Property is retained until each note described is fully paid according to its terms, at which time this deed will become absolute.

**At The Direction Of The Parties To This Transaction, No Title Policy Was Requested And Title To The Property Was Not Researched Nor Tax Certificates Ordered. The Law Firm Preparing The Documents Makes No Representations, Express Or Implied, As To The Status Of Title Or Payment Of Property Taxes, Nor Has Any Legal Advice Been Given To The Parties.**

_____  _____
Rufino Arias               Helga M. Arias

STATE OF TEXAS             §
                           §
COUNTY OF Harris           §

This instrument was acknowledged before me on this 29th day of September, 2017, by Rufino Arias.

[Notary Seal: VIRGIE CALLIGAN-GREEN, My Notary ID # 2189697, Expires August 5, 2021]

_____
Notary Public, State of Texas

STATE OF TEXAS             §
                           §
COUNTY OF Harris           §

This instrument was acknowledged before me on this 29th day of September, 2017, by Helga M. Arias.

[Notary Seal: VIRGIE CALLIGAN-GREEN, My Notary ID # 2189697, Expires August 5, 2021]

_____
Notary Public, State of Texas

NOTICE OF CONFIDENTITIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AND INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOU SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## DEED OF TRUST
(Wraparound)
### Terms

**Date:** September 29, 2017

**Grantor:** Clint Dan-Willis Horn and Melissa Yvonne Glover-Horn

**Grantor's Mailing Address:** 14007 Blisswood Drive, Houston, Texas 77044

**Trustee:** Victor M. Maas

**Trustee's Mailing Address:** 3201 Cherry Ridge Street, Ste. C 300, San Antonio, Texas 78230

**Lender:** Rufino Arias and Helga M. Arias

**Lender's Mailing Address:** 3102 Fallbrook Dr. PMB#33 Houston, TX 77038

**Obligation**
  Note
    Date: September 29, 2017
    Original principal amount: $283,621.57
    Maturity Date: October 1, 2045
    Borrower: Clint Dan-Willis Horn and Melissa Yvonne Glover-Horn
    Lender: Rufino Arias and Helga M. Arias

**Property (including any improvements):**

LOT 23, BLOCK 2, SUMMERWOOD SECTION 7, EDGEWATER VILLAGE, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN FILM CODE NO. 432082, MAP RECORDS OF HARRIS COUNTY, TEXAS.

**Commonly known as: 14007 Blisswood Drive, Houston, Texas 77044.**

**Prior Liens:** The liens securing this note are subordinate to the liens securing payment of the unpaid balance of the prior notes:

Lien in the original principal amount of **TWO HUNDRED NINETY THREE THOUSAND FIVE HUNDRED EIGHTY FOUR** and 00/100 (**$293,584.00**) executed by Freedom Mortgage Corporation. This conveyance is made subject to the prior lien of a Deed of Trust dated **September 8, 2015**, recorded in the Deed Records of Harris County, Document **#20150418518**, or Film Code No. **ER 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** of the real property records of Harris County, Texas, from grantor **Rufino Arias and Helga M. Arias**, for the benefit of **Mortgage Electronic**

Page 1 of 7


EXHIBIT "B"

**Registration Systems, Inc.,** which secures payment of a promissory note in the original principal amount of **$293,584.00.**

**Other Exceptions to Conveyance and Warranty:** Liens described as part if the Consideration and any other liens described in the deed to Grantors as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for the current year, and subsequent assessments for that and prior years due to change in land usage, ownership, or both.

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

### Clauses and Covenants

**A.   Grantor's Obligations**

Grantor agrees to-

1.   keep the Property in good repair and condition;

2.   pay all taxes and assessments on the Property before delinquency;

3.   defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.   maintain all necessary insurance coverage with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverage's"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverage's in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverage's;

5.   obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.   keep any buildings occupied as required by the Required Insurance Coverage's;

7.   if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.   notify Lender of any change of address.

**B.   Lender's Rights**

1.   Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3. Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

    a. declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C. Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order-

    a. expenses of foreclosure, including a reasonable commission to Trustee;

    b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c. any amounts required by law to be paid before payment to Grantor; and

    d. to Grantor, any balance; and

4. be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.**    **General Provisions**

1. If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5. If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7. Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and deed of trust, Grantor may retain the excess. If Grantor

defaults in payment of the Obligation or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. When the context requires, singular nouns and pronouns include the plural.

11. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

12. Grantor represents to Lender that no part of the Property is exempt as homestead from forced sale under the Texas Constitution or other laws.

13. Grantor agrees to furnish on Lender's request evidence satisfactory to Lender that all taxes and assessments on the Property have been paid when due.

14. If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to (a) a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property; (b) creation of a purchase-money security interest for household appliances; (c) transfer by devise, descent, or operation of law on the death of a co-Grantor; (d) grant of a leasehold interest of three years or less without an option to purchase; (e) transfer to a spouse or children of Grantor or between co-Grantors; (f) transfer to a relative of Grantor on Grantor's death; (g) a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or (h) transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the

Property.

15. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

16. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

17. Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

18. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

19. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

20. The term *Lender* includes any mortgage servicer for Lender.

21. Grantor represents that this deed of trust and the Note are given for the following purposes:

The debt evidenced by the Note is in part payment of the purchase price of the Property; the debt is secured both by this deed of trust and by a vendor's lien on the Property, which is expressly retained in a deed to Grantor of even date. This deed of trust does not waive the vendor's lien, and the two liens and the rights created by this deed of trust are cumulative. Lender may elect to foreclose either of the liens without waiving the other or may foreclose both.

_____
Clint Dan-Willis Horn

**STATE OF TEXAS** §
§
**COUNTY OF** HARRIS §

This instrument was acknowledged before me on this 29th day of September, 2017, by Clint Dan-Willis Horn.

VIRGIE CALLIGAN-GREEN
My Notary ID # 2169697
Expires August 5, 2021

_____
Notary Public, State of Texas

Page 6 of 7

_____
Melissa Yvonne Glover-Horn


STATE OF TEXAS &sect;
&sect;
COUNTY OF Harris &sect;

This instrument was acknowledged before me on this 29th day of September, 2017, by Melissa Yvonne Glover-Horn.

VIRGIE CALLIGAN-GREEN
My Notary ID #2189697
Expires August 5, 2021

_____
Notary Public, State of Texas

## Wrap Around Mortgage Ledger

**Seller Name:** Rufino and Helga M Arias
**Buyer name:** Clint Horn
**Property address:** 14007 Blisswood Dr Houston TX 77044
**Created by:** Rufino Arias
**Date of report:** January 20, 2023

| Monthly Payment | Due date | Paid date | Amount Paid |
|---|---|---|---|
| $ 2,588.20 | October 1, 2017 | September 4, 2019 | $ 2,588.20 |
| $ 2,588.20 | November 1, 2017 | October 8, 2019 | $ 2,588.20 |
| $ 2,588.20 | December 1, 2017 | November 5, 2019 | $ 2,588.20 |
| $ 2,588.20 | January 1, 2018 | December 3, 2019 | $ 2,588.20 |
| $ 2,588.20 | February 1, 2018 | January 8, 2020 | $ 2,588.20 |
| $ 2,588.20 | March 1, 2018 | February 5, 2020 | $ 2,588.20 |
| $ 2,588.20 | April 1, 2018 | February 5, 2020 | $ 2,588.20 |
| $ 2,588.20 | May 1, 2018 | March 4, 2020 | $ 2,588.20 |
| $ 2,398.79 | June 1, 2018 | April 10, 2020 | $ 2,398.79 |
| $ 2,398.79 | July 1, 2018 | April 10, 2020 | $ 2,398.79 |
| $ 2,398.79 | August 1, 2018 | May 5, 2020 | $ 2,398.79 |
| $ 2,398.79 | September 1, 2018 | June 2, 2020 | $ 2,398.79 |
| $ 2,398.79 | October 1, 2018 | June 2, 2020 | $ 2,398.79 |
| $ 2,398.79 | November 1, 2018 | July 7, 2020 | $ 2,398.79 |
| $ 2,396.04 | December 1, 2018 | August 4, 2020 | $ 2,398.79 |
| $ 2,396.04 | January 1, 2019 | August 4, 2020 | $ 2,396.04 |
| $ 2,396.04 | February 1, 2019 | September 9, 2020 | $ 2,396.04 |
| $ 2,396.04 | March 1, 2019 | September 9, 2020 | $ 2,396.04 |
| $ 2,396.04 | April 1, 2019 | October 9, 2020 | $ 2,396.04 |
| $ 2,323.12 | May 1, 2019 | November 4, 2020 | $ 2,323.12 |
| $ 2,323.12 | June 1, 2019 | November 4, 2020 | $ 2,323.12 |
| $ 2,402.53 | July 1, 2019 | December 9, 2020 | $ 2,402.53 |
| $ 2,402.53 | August 1, 2019 | January 6, 2021 | $ 2,402.53 |
| $ 2,402.53 | September 1, 2019 | January 6, 2021 | $ 2,402.53 |
| $ 2,402.53 | October 1, 2019 | February 3, 2021 | $ 2,402.53 |
| $ 2,402.53 | November 1, 2019 | February 3, 2021 | $ 2,402.53 |
| $ 2,402.53 | December 1, 2019 | April 13, 2021 | $ 2,402.53 |
| $ 2,402.53 | January 1, 2020 | April 13, 2021 | $ 2,402.53 |
| $ 2,402.53 | February 1, 2020 | May 5, 2021 | $ 2,402.53 |
| $ 2,402.53 | March 1, 2020 | May 5, 2021 | $ 2,402.53 |
| $ 2,369.62 | April 1, 2020 | July 7, 2021 | $ 2,369.62 |
| $ 2,369.62 | May 1, 2020 | July 7, 2021 | $ 2,369.62 |
| $ 2,369.62 | June 1, 2020 | August 4, 2021 | $ 2,369.62 |
| $ 2,369.62 | July 1, 2020 | August 4, 2021 | $ 2,369.62 |
| $ 2,369.62 | August 1, 2020 | October 5, 2021 | $ 2,369.62 |
| $ 2,369.62 | September 1, 2020 | November 2, 2021 | $ 2,369.62 |
| $ 2,369.62 | October 1, 2020 | November 2, 2021 | $ 2,369.62 |
| $ 2,369.62 | November 1, 2020 | November 2, 2021 | $ 2,369.62 |



EXHIBIT "C"

| Amount | Due Date | Date Paid | Amount Paid |
|---|---|---|---|
| $ 2,369.62 | December 1, 2020 | December 7, 2021 | $ 2,369.62 |
| $ 2,369.62 | January 1, 2021 | December 7, 2021 | $ 2,369.62 |
| $ 2,369.62 | February 1, 2021 | January 4, 2022 | $ 2,369.62 |
| $ 2,369.62 | March 1, 2021 | March 11, 2022 | $ 2,369.62 |
| $ 2,433.27 | April 1, 2021 | March 11, 2022 | $ 2,433.27 |
| $ 2,433.27 | May 1, 2021 | March 28, 2022 | $ 2,433.27 |
| $ 2,433.27 | June 1, 2021 | April 5, 2022 | $ 2,433.27 |
| $ 2,433.27 | July 1, 2021 | - | $ - |
| $ 2,433.27 | August 1, 2021 | - | $ - |
| $ 2,433.27 | September 1, 2021 | - | $ - |
| $ 2,433.27 | October 1, 2021 | - | $ - |
| $ 2,433.27 | November 1, 2021 | - | $ - |
| $ 2,433.27 | December 1, 2021 | - | $ - |
| $ 2,433.27 | January 1, 2022 | - | $ - |
| $ 2,433.27 | February 1, 2022 | - | $ - |
| $ 2,433.27 | March 1, 2022 | - | $ - |
| $ 2,664.94 | April 1, 2022 | - | $ - |
| $ 2,664.94 | May 1, 2022 | - | $ - |
| $ 2,664.94 | June 1, 2022 | - | $ - |
| Loan moved to Rushmore Loan Management Services | | | |
| $ 12,166.35 | July 1, 2022 | - | $ - |
| $ 2,433.27 | August 1, 2022 | - | $ - |
| $ 2,433.27 | September 1, 2022 | - | $ - |
| $ 2,911.75 | October 1, 2022 | - | $ - |
| $ 2,911.75 | November 1, 2022 | - | $ - |
| $ 2,911.75 | December 1, 2022 | - | $ - |
| $ 2,911.75 | January 1, 2023 | - | $ - |